IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2004 Session

## IN RE: S.B.D.W., a minor child born, January 14, 1999

**Direct Appeal from the Chancery Court for Dyer County**
**No. 03A8      J. Steven Stafford, Chancellor**

―――――――――

**No. W2004-00863-COA-R3-PT - Filed December 1, 2004**

―――――――――

The trial court terminated parents' rights based on abandonment. Father appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Jason L. Hudson, Dyersburg, Tennessee, for the appellant.

W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for the appellees.

### MEMORANDUM OPINION[1]

        This is a termination of parental rights case. In March 2001, the Juvenile Court of Dyer County awarded custody of S.B.D.W., a minor child born January 1999, to P.B., Appellant/Father's step-sister, and awarded Mother reasonable visitation. In March 2003, K.W., R.W., and P.B. (collectively, Petitioners) filed a petition to terminate the parental rights of Father and Mother and for adoption of S.B.D.W. by K.W. and R.W. The trial court terminated parental rights of both

―――――――――

[1]Rule 10 of the Tennessee Court of Appeals provides:

        This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

parents based on abandonment and granted the petition for adoption. Father filed a timely appeal to this Court.[2]

### *Issues Presented*

On appeal, Father contends that the trial court erred in determining Petitioners satisfied their burden of proof and in finding that Father abandoned S.B.D.W.

### *Standard of Review*

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). We presume the trial court's findings of fact to be correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). However, no presumption of correctness attaches to a trial court's conclusions on issues of law. *Bowden v. Ward*, 275 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d).

Tennessee Code Annotated § 36-1-113 governs the termination of parental rights. The code provides, in pertinent part:

> (c) Termination of parental or guardianship rights must be based upon:
> (1) A finding by the court by clear and convincing evidence that the grounds for termination or parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

Tenn. Code Ann. § 36-1-113(c)(2001). This section also provides the grounds on which parental rights may be terminated. The existence of any statutory basis for termination of parental rights will support the trial court's decision to terminate those rights. *In re C.W.W., N.W.W., Z.W.W., & A.L.W.*, 37 S.W.3d 467, 473 (Tenn. Ct. App. 2000).

A court's determination to terminate parental rights must be supported by clear and convincing evidence. *Id.* at 474. The "clear and convincing evidence" standard is more exacting than the "preponderance of the evidence" standard, although it does not demand the certainty required by the "beyond a reasonable doubt" standard. *Id.* To be clear and convincing, the evidence must eliminate any substantial doubt and produce in the fact-finder's mind a firm conviction as to the truth. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, this Court will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *See Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999).

---

[2]Mother has not appealed the trial court's determination.

The trial court found as grounds for terminating Father's parental rights that Father had abandoned S.B.D.W. under Tenn. Code Ann. section 36-1-113(g)(1). The Tennessee Code defines abandonment as:

(1)(A) "Abandonment" means, for purposes of terminating the parental or guardian rights of parent(s) or guardian(s) of a child to that child in order to make that child available for adoption, that:

(I) For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent(s) or guardian(s) of the child who is the subject of the petition for termination of parental rights or adoption, that the parent(s) or guardian(s) either have willfully failed to visit or have willfully failed to support or have willfully failed to make reasonable payments toward the support of the child;

(ii) The child has been removed from the home of the parent(s) or guardian(s) as the result of a petition filed in the juvenile court in which the child was found to be a dependent and neglected child, as defined in § 37-1-102, and the child was placed in the custody of the department or a licensed child-placing agency, that the juvenile court found, or the court where the termination of parental rights petition is filed finds, that the department or a licensed child-placing agency made reasonable efforts to prevent removal of the child or that the circumstances of the child's situation prevented reasonable efforts from being made prior to the child's removal; and for a period of four (4) months following the removal, the department or agency has made reasonable efforts to assist the parent(s) or guardian(s) to establish a suitable home for the child, but that the parent(s) or guardian(s) have made no reasonable efforts to provide a suitable home and have demonstrated a lack of concern for the child to such a degree that it appears unlikely that they will be able to provide a suitable home for the child at an early date;

(iii) A biological or legal father has either willfully failed to visit or willfully failed to make reasonable payments toward the support of the child's mother during the four (4) months immediately preceding the birth of the
child; provided, that in no instance shall a final order terminating the parental rights of a parent as determined pursuant to this subdivision (iii) be entered until at least thirty (30) days have elapsed since the date of the child's birth;

(iv) A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration, or the parent or guardian has engaged in conduct prior to incarceration which exhibits a wanton disregard for the welfare of the child; or

(v) The child, as a newborn infant aged seventy-two (72) hours or less, was voluntarily left at a facility by such infant's mother pursuant to § 68-11- 255; and, for a period of thirty (30) days after the date of voluntary delivery, the mother failed to visit or seek contact with the infant; and, for a period of thirty (30) days after notice was given under § 36-1-142(e), and no less than ninety (90) days cumulatively, the mother failed to seek contact with the infant through the department or to revoke her voluntary delivery of the infant.

(B) For purposes of this subdivision (1), "token support" means that the support, under the circumstances of the individual case, is insignificant given the parent's means;

(C) For purposes of this subdivision (1), "token visitation" means that the visitation, under the circumstances of the individual case, constitutes nothing more than perfunctory visitation or visitation of such an infrequent nature or of such short duration as to merely establish minimal or insubstantial contact with the child;

(D) For purposes of this subdivision (1), "willfully failed to support" or "willfully failed to make reasonable payments toward such child's support" means the willful failure, for a period of four (4) consecutive months, to provide monetary support or the willful failure to provide more than token payments toward the support of the child;

(E) For purposes of this subdivision (1), "willfully failed to visit" means the willful failure, for a period of four (4) consecutive months, to visit or engage in more than token visitation;

(F) Abandonment may not be repented of by resuming visitation or support subsequent to the filing of any petition seeking to terminate parental or guardianship rights or seeking the adoption of a child; and

(G) "Abandonment" and "abandonment of an infant" do not have any other definition except that which is set forth in this section, it being the intent of the general assembly to establish the only grounds for abandonment by statutory definition. Specifically, it shall not be required that a parent be shown to have evinced a settled purpose to forego all parental rights and responsibilities in order for a determination of abandonment to be made. Decisions of any court to the contrary are hereby legislatively overruled;

Tenn. Code Ann. § 36-1-102(1)(Supp. 2004).

At the time of the hearing, Father was incarcerated but participated in the matter by deposition and was represented by counsel. The trial court found that for a period of greater than four months prior to his incarceration Father willfully had failed to visit or support S.B.D.W. The trial court further found that "no person has deprived [Father] of visitation with his child, nor kept him from seeing the child or exercising visitation with his child." The court additionally determined that termination of Father's parental rights was in the best interests of S.B.D.W. The trial court terminated Mother and Father's parental rights and granted K.W. and R.W.'s petition for adoption.

Father does not deny that he failed to visit or support S.B.D.W. for at least four months prior to his incarceration, but contends his failure to do so was not willful. Father asserts that P.B., who had legal custody of S.B.D.W., refused to allow him onto her property, with the exception of one visit, and refused to permit him to take the child. Father testified that he spoke to S.B.D.W. on the telephone several times while S.B.D.W. was visiting with Mother. Petitioners, on the other hand, assert Father has had almost no contact with S.B.D.W. practically since her birth. They assert Father made only one attempt to visit S.B.D.W. at P.B.'s home in December 2002. P.B. testified that she was fearful of allowing Father, who was co-habitating with his ex-wife's much younger daughter, whom he had raised from the age of five, to take S.B.D.W. away from her home unsupervised. Petitioners assert Father was not prevented from visiting S.B.D.W. at P.B.'s home. They further submit that Father never called to see S.B.D.W. or to inquire about her, never supported the child, and failed to send her even a single piece of mail.

Having reviewed the entire record in this case, we find clear and convincing evidence supports the judgment of the trial court. The record establishes that Father has been incarcerated frequently and that, before going to live with K.W. and R.W., S.B.D.W. had been in the care of P.B. almost since birth. Father's deposition testimony establishes that Father made no attempt to support S.B.D.W. and, with the exception of one half-hour visit in December 2002, made no attempt to visit her. Although Father contends that P.B. stated that he was not welcome on her property, Father does not assert that he attempted to visit S.B.D.W. and was denied the opportunity.

The trial court further found that termination of Father's parental rights and adoption of S.B.D.W. by K.W. and R.W. are in the best interest of S.B.D.W. Father does not submit that the trial court erred in this determination and, having reviewed the record, we agree that termination of Father's parental rights is in S.B.D.W.'s best interest. We accordingly affirm termination of Father's parental rights based on abandonment as defined by Tenn. Code Ann. Section 36-1-102(1)(A)(iv).

### *Holding*

In light of the foregoing, we affirm termination of Father's parental rights to S.B.D.W. Cost of this appeal are taxed to the Appellant, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE